HARDY, Judge.
This is a suit in which plaintiff prayed the court to annul and order the cancellation from the conveyance records of a certain instrument affecting property located in in the Parish of Sabine, of which she alleges herself to be the owner. Defendant filed an exception of no cause of action which, after hearing, was sustained and judgment rendered rejecting the demands of plaintiff and dismissing her suit. From this judgment plaintiff has appealed.
Plaintiff’s petition alleged that she was the owner of a certain particularly described tract of land located in Sabine Parish, Louisiana; that on February 29, 1952, she signed an instrument “ * * * she understood was for the purpose of granting a right of passage * * * ” across the property described; that her execution of the instrument in question “ * * * was made under a mistake of fact and without comprehending the nature thereof' * * * ” and, accordingly, that the instrument should be declared a nullity and cancelled and erased from the conveyance records; alternatively, that the instrument effected a conveyance of property for a consideration of $25, whereas the value of said property was not less than $500, and accordingly, she was entitled to have the instrument declared null, void and of no effect on the ground of lack of consideration.
Defendant’s exception is based upon the contention, first, that plaintiff’s allegations of error and misunderstanding are completely negated both by the allegations of plaintiff’s petition and by the provisions of the contract which was attached thereto, and, second, that the instrument in question did not purport to convey title to immovable property but simply established a right of passage and a limited use in favor of defendant, which grant is not subject to avoidance on the ground of lesion.
We set forth below the provisions of the contract in question which are pertinent to a consideration of the issues tendered by the exception :
“That the' party of the First Part being the lawful owner of the following described land in Sabine Parish, La. has and does by this act grant unto the party of the second part the right of use across the following described land for a road way, and right to build and maintail (sic) a road way thereon, and also to maintain certain fram (sic) building now located thereon and to erect and maintain other frame structures on said tract or lot of land, said lot being described as follows:
*278 “ * * * * * *
“The right of use and passage way granted by the party of the first part to the party of the second part is for a period of Ninety-Nine (99) years from date hereof, but is to take full effect from the date of expiration of that certain farm lease now held by one E. M. Patrick.
“The .price and consideration for the execution of this contract is the Sum of Twenty-Five & 00/100 ($25) Dollars paid to party of the first party (sic) by the party of the second part, the receipt of which is hereby acknowledged.
“The rights herein granted to party of the second part is limited to the right to build, construct, use and maintain a road way through and across the above described tract of land at the place where said road is presently located, and which road has been built and improved by the party of the second part, and for the further purpose of maintaining, improving and enlarging that certain car house erected on said lot by party of the second part or his vendor in title, and the said party of the second part is not to destroy, cut or use any merchantable timber that may now be on said lot or that may hereafter grow thereon, except such as may be necessary to maintain and enjoy the rights herein granted.
“The right of use herein granted shall in no way interfere with the right of party of the first part of (sic) lease said lands for the prupose (sic) of exploring, developoing (sic) and producing oil, gas and other minerals therefrom.”
Despite the fact that the wording of the above provision is occasionally awkward, we think the intent is abundantly clear and unambiguous. It is evident from an examination of the quoted provisions that plaintiff (who was the Party of the First Part) intended to, and did, grant to defendant (Party of the Second Part) the right of use, across the property described, of a roadway and a “car house” (garage) located thereon, which road and garage had already been constructed upon the property. The right of use was limited to these purposes for the specified term of 99 years and’ plaintiff’s rights to timber and minerals, which might have conflicted with the exercise of the rights granted defendant, were specifically protected.
We think plaintiff’s allegations of error of fact and misunderstanding, as alleged in her petition, are utterly inconsistent with the provisions of the contract which clearly accord with her alleged understanding. and with other allegations of her petition-
There is no question as to the conclusion-that the contract between the parties completely accords with the requirements essential to the confection of a valid contract under LSA-C.C. article 1779.
Before this court counsel for plaintiff-appellant urges that the contract is invalid, first, because it actually effected the conveyance of the property, and, second,, because it established a servitude or usu-fruct which is in the nature of a right to an incorporeal immovable as to which the provisions of LSA-C.C. article 1861 with reference to lesion should be applied.
As above pointed out, an examination of the record itself discloses that the basis of the first objection is completely untenable..
The second proposition, while possessing the virtue of novelty, is equally untenable. Except upon the basis of an exceedingly tenuous analogy we find no relationship between contracts establishing servitudes and contracts conveying an interest in immovables or real rights in connection therewith. However this ingenious, point might be resolved, its discussion in this case would be purely academic, inasmuch as plaintiff’s petition fails to disclose any ground of valuation upon which the principle of lesion, if applicable, could be predicated. It is clear from the instrument itself that the value was considered and *279 fixed by the parties as purely nominal. There is no allegation in the petition which, to any degree whatsoever, affects the reasonableness of this mutual understanding and agreement.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.